### SHAW & EARLE, TRUSTEES TO GEORGE NEWELL *v.* JOHN P. KNOWLES, ADM'R. OF CALEB EARLE.

Where the Sheriff returned upon an execution against two surviving partners that he could find no property of either of them within his precinct, and that one of the defendants was not in the State, and the other was so sick that without endangering his life he could not be committed to jail: *Held,* that the creditor had satisfied the requirements of the statute prescribing that surviving partners shall be pursued to final judgment and execution, before a claim against the firm shall be valid against a representative of a deceased co-partner.

THE plaintiffs in this case were creditors of the firm of Clark Sayles & Co., which consisted of Clark Sayles, Henry Earle and Caleb Earle. After the decease of Caleb Earle, the plaintiffs obtained a judgment against the surviving partners and presented their claim, in the form of an execution unsatisfied, to the Commissioners upon the estate of Caleb Earle, which had been represented insolvent. The Commissioners allowed the claim: but on the return of their report to the Court of Probate, at the instance of the Administrator, it was stricken out, pursuant to the statute, and this action instituted.— The case was submitted to the Court upon both fact and law.

*J. P. Knowles,* in defence, cited sec. 44 of "an act prescribing the manner of proceedings in Courts," (Dig.

1844, p. 138,) providing that in a case like this, "the plaintiff shall first pursue the surviving debtor to final judgment and execution:" and contended that in this case this requisition had not been complied with, inasmuch as neither of the surviving debtors, in whose keeping the law presumed to be all the assets of the firm, had ever been, in the sense of the statute, pursued to execution. The judgment against the survivors was rendered on the 21st of March, 1853; execution was issued on the day following, returnable on the 4th Monday of March, 1853; and under date of April 2, 1853, the sheriff endorsed upon it a return in these words:—

" I return this execution wholly unsatisfied, as I can find neither the goods, chattels or real estate of the defendants or either of them within my precinct. Nor can I find Clark Sayles, one of the defendants, within my precinct or within this State: the other defendant, Henry Earle, is so sick that I cannot commit him to jail without endangering his life."

But the Court held that this return was evidence that the plaintiffs had done all that under the laws they could do to obtain payment from the surviving debtors, and thus had complied with the requirement of the statute cited, and gave judgment for the plaintiffs.

*Lapham* for plaintiffs.